# IN THE UNITED STATES DISTRICT COURT
# OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CATO INSTITUTE,**<br>1000 Massachusetts Ave. NW<br>Washington, D.C. 20001<br><br>    **Plaintiff,**<br><br>    v.<br><br>**PRIVACY AND CIVIL LIBERTIES**<br>**OVERSIGHT BOARD,**<br>800 North Capitol Street N.W., Suite 565<br>Washington, D.C. 20002<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff, CATO INSTITUTE, brings this Freedom of Information Act suit to force Defendant PRIVACY AND CIVIL LIBERTIES OVERSIGHT BOARD ("PCLOB") to produce various records regarding its review of counterterrorism-related activities conducted by NSA and CIA pursuant to Executive Order 12333, titled "United States Intelligence Activities."

## PARTIES

2. Plaintiff CATO INSTITUTE is a public policy research organization—a think tank—dedicated to the principles of individual liberty, limited government, free markets, and peace. Its scholars and analysts conduct independent, nonpartisan research on a wide range of policy issues.

3. Defendant PRIVACY AND CIVIL LIBERTIES OVERSIGHT BOARD ("PCLOB") is a federal agency and subject to the Freedom of Information Act, 5 U.S.C § 552.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

5. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## BACKGROUND

6. Signed on December 4, 1981, by President Reagan, Executive Order 12333 extended powers and responsibilities of U.S. intelligence agencies. Exec. Order No. 12333, 46 FR 59941.

7. Notably, Executive Order 12333 directed the leaders of U.S. federal agencies to cooperate fully with CIA's requests for information. *Id.*

8. In 2015, PCLOB announced that it would conduct "three classified 'deep dive' reviews of specific activities conducted by the CIA and NSA." Projects, *Counterterrorism Activities under E.O. 12333,* U.S. Privacy and Civil Liberties Oversight Board (last accessed Mar. 2, 2021) https://www.pclob.gov/Projects.

9. PCLOB also stated that one of those deep dives was completed in 2016. *Id.*

## APRIL 23, 2019, FOIA REQUEST

10. On April 23, 2019, CATO INSTITUTE submitted the following FOIA request to PCLOB:

> [1] Any Board reports issued on federal department and agency activities conducted pursuant to Executive Order 12333, as amended;
> [2] Any correspondence in any form to or from the Board regarding alleged or actual violations of laws, regulations, or executive orders by any federal department or agency under the purview of the Board;
> [3] Any correspondence in any form to or from the Board regarding refusals by any federal department or agency to provide information requested by the Board pursuant to its statutory oversight mission.

Exhibit 1.

11. On May 6, 2019, PCLOB acknowledged receipt of the request and assigned reference number 2019-12 to the matter.  Exhibit 2.

12. On May 21, 2019, PCLOB issued a determination regarding Item 1 and Item 3 of the Request.  Exhibit 3.

13. For Item 1, PCLOB found that "it is appropriate to withhold in full the Board's completed Executive Order 12333 deep dive report pursuant to Exemption 1 of FOIA."  *Id.*

14. For Item 3, PCLOB withheld the records in full pursuant to Exemption 5 and Exemption 6 of FOIA.  *Id.*

15. Regarding Item 2, PCLOB stated that "the responsive records are now under review by other relevant agencies in the consultation process" and PCLOB will "disclose them" if any are releasable after the formal consultation process.  *Id.*

16. On May 31, 2019, CATO INSTITUTE appealed the denial of Item 1 and 3.  Exhibit 4.

17. On June 14, 2019, PCLOB granted the appeal regarding Item 1 and indicated it will "send the report back to the relevant agency for consultation to determine whether any part of the classified report is segregable and releasable."  Exhibit 5.

18. Regarding Item 3, PCLOB denied the appeal.  PCLOB concluded that the withholdings pursuant to Exemption 5 and Exemption 6 are "appropriate."  *Id.*

19. Regarding Item 2, PCLOB stated that it will provide CATO INSTITUTE with any documents "deemed releasable in whole or part."  *Id.*

20. On September 23, 2019, PCLOB stated, "Regarding your first request, the PCLOB has heard back from the relevant agency as part of the consultation process.  The agency has determined that the PCLOB's completed deep dive report under Executive Order 12333 is not segregable and no information from the report may be released.  Accordingly, the completed

report is withheld pursuant to Exemptions 1, 3, and 5 of the FOIA, 5 U.S.C. § 552(b)(l), (b)(3), (b)(5)." Exhibit 6.

21. "[T]he agency," which PCLOB consulted while processing the FOIA request, directed PCLOB to withhold the records in question. *Id.*

22. Further, "the agency" in question asserted Exemption 3 was asserted without citing the underlying statute that was purportedly relied on. *Id.*

23. Regarding Part 2, PCLOB stated that it "has reached out to appropriate agencies and is awaiting response for the documents that remain in consultation." PCLOB also claimed that it "should receive a response in October and will provide documents on a rolling basis as expeditiously as possible, if releasable," after the consultation process. *Id.*

24. On November 1, 2019, CATO INSTITUTE appealed PCLOB's September 23, 2019 second denial of Item 1.

25. On November 18, 2019, PCLOB stated, in relevant part,

> I granted your appeal in part by **sending the report back to the relevant agency for consultation** to determine whether any part of the classified report was segregable and releasable. In response, the agency determined that the report is neither segregable nor releasable, citing Freedom of Information Act ("FOIA") exemptions 1, 3, and 5. While there is a duty to segregate releasable from classified information with respect to Exemption 1, that is not always possible[,] and some reports must remain classified. Based on the response from the agency, this is such a report.

Exhibit 7 (emphasis added).

26. On February 10, 2021, CATO INSTITUTE requested an estimated completion date for Item 2 of the request. Exhibit 8.

27. On March 1, 2021, PCLOB failed to provide an estimated completion date stating that Item 2 is "still in review as part of the consultation process." PCLOB added that it "anticipates receiving a response" from the appropriate agencies by the end of this month but emphasized it is only an estimate. Exhibit 9.

28. CATO INSTITUTE submitted the FOIA request 23 months ago, and PCLOB has not yet issued a determination or estimated completion date regarding Item 2 of the request.

29. For Items 1 and 3, PCLOB has not demonstrated that the records responsive to the request are exempt.

30. As of the date of this filing, PCLOB has produced no records responsive to the request.

## COUNT I – APRIL 23, 2019, FOIA REQUEST,
## PCLOB'S FOIA VIOLATION - FAILURE TO PRODUCE RECORDS

31. The above paragraphs are incorporated herein.

32. The request seeks the disclosure of agency records and was properly made.

33. PCLOB is a federal agency and subject to FOIA.

34. Some or all of the requested records are not exempt under FOIA.

35. PCLOB has failed to produce all records responsive to the request.

**WHEREFORE**, CATO INSTITUTE asks the Court to:

i. declare that PCLOB has violated FOIA;

ii. order PCLOB to conduct a reasonable search for records and to promptly produce the requested records;

iii. enjoin PCLOB from withholding non-exempt public records under FOIA;

iv. award CATO INSTITUTE attorneys' fees and costs; and

v. award such other relief the Court considers appropriate.

Dated: March 18, 2021

RESPECTFULLY SUBMITTED,

*/s/ Joshua Hart Burday*

Attorney for Plaintiff

CATO INSTITUTE

Matthew Topic, D.C. Bar No. IL 0037
Joshua Burday, D.C. Bar No. IL 0042
Merrick Wayne, D.C. Bar No. IL 0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com